UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.: 6:15-bk-07275-KSJ |
| PROGRESSIVE PLUMBING, INC., | |
| PROGRESSIVE SERVICES, LLC, and | Jointly Administered with |
| GRACIOUS LIVING DESIGN | Case No.: 6:15-bk-07276-KSJ |
| CENTER, INC. | Case No.: 6:15-bk-07277-KSJ |
| Debtors. | |
| _____/ | |
| PROGRESSIVE PLUMBING, INC., | Adv. Pro. No.6:15-ap-00145-KSJ |
| Plaintiff, | |
| v. | |
| THE EVERGREEN CORPORATION, and ALLIED WORLD SPECIALTY INSURANCE COMPANY, | |
| Defendants. | |
| _____/ | |

**DEFENDANT THE EVERGREEN CORPORATION'S
<u>RESPONSE TO MOTION TO STAY ARBITRATION AND STATE COURT ACTION</u>**

Defendant, The Evergreen Corporation ("Evergreen"), by and through its undersigned counsel, hereby responds to the Motion to Stay Arbitration and State Court Action ("Motion," Docket # 7) filed by Defendant, Allied World Specialty Insurance Company ("Allied") and says:

1. A request for injunctive relief under 11 U.S.C. § 105 must be brought as an adversary proceeding, not as a motion. *In re Goldberg*, 221 B.R. 907, 909 (M.D. Fla. 1998). The Motion represents an attempt to circumvent the procedural safeguards afforded by an adversary proceeding and mandated by F.R.B.P. 7001.

2. Aside from this fatal procedural defect, the motion is substantively baseless for the following reasons:

    a. The Court has no subject matter jurisdiction over the state court litigation between Evergreen and Allied. To the extent the Court might have jurisdiction over such litigation, the Court should abstain from exercising it under the doctrine of mandatory abstention. The arguments regarding the Court's lack of jurisdiction and mandatory abstention are set forth in Evergreen's motion to dismiss ("Motion to Dismiss") the adversary complaint (Docket # 4) and are incorporated herein.

    b. Allied as a non-debtor has no standing to seek relief under Section 105. *Matter of Venegas Munoz*, 73 B.R. 283, 285 (Bankr. D.P.R. 1987) (standing to bring an action requesting a Section 105 injunction rests on the debtor, debtor in possession or the trustee, and not with the liable third party); *In re Consol. Pioneer Mortgage Entities*, 205 B.R. 422, 425 (B.A.P. 9th Cir. 1997) (same). There are no extraordinary circumstances alleged in the Motion that would justify a departure from this general rule.

    c. None of the extraordinary circumstances which might justify entry of a Section 105 injunction in favor of a non-debtor in state court litigation are even alleged in the Motion. *Goldberg*, 229 B.R. at 909 (the fact that a non-debtor will have an indemnity claim against the bankruptcy estate if a state court judgment is obtained against the non-debtor is insufficient grounds for granting the extraordinary relief of a Section 105 injunction). There is no allegation that Allied is an insider or that it is devoting any time or funds to a plan of reorganization and therefore no basis for any injunctive relief. *In re Regency Realty Associates*, 179 B.R. 717, 719 (Bankr. M.D. Fla. 1995) (explaining special circumstances where injunctive relief might be warranted - none of which are alleged in the Motion in the instant case).

3.	For the foregoing reasons, the Motion should be denied.

>	/s/ Michael A. Tessitore
>	MICHAEL A. TESSITORE
>	Florida Bar No. 948039
>	mtessitore@morankidd.com
>	Moran Kidd Lyons & Johnson, P.A.
>	111 N. Orange Ave., Suite 900
>	Orlando, Florida 32801
>	407-841-4141
>	407-841-4148 (fax)
>	Attorneys for The Evergreen Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically or by United States Mail on the 7th day of December, 2015 to: Michael A Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Ste. 102, Orlando, FL 32801 Roman V. Hammes, Esq., Roman V. Hammes, P.L., 250 East Colonial Drive, Suite 305, Orlando, FL 32801 and Jonathan P. Cohen, Esq., Jonathan P. Cohen, P.A., 500 E. Broward Blvd., Suite 1710, Fort Lauderdale, FL 33394.

>	/s/ Michael A. Tessitore