UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.,

PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN
CENTER, INC.

  Debtors.
_____/

Chapter 11
Case No.: 6:15-bk-07275-KSJ

Jointly Administered with
Case No.: 6:15-bk-07276-KSJ
Case No.: 6:15-bk-07277-KSJ

PROGRESSIVE PLUMBING, INC.,

  Plaintiff/Debtor,

v.

THE EVERGREEN CORPORATION,
and ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

  Defendants.
_____/

Adv. Pro. No. 6:15-AP-00145-KSJ

**RESPONSE IN OPPOSITION TO MOTION TO DISMISS (DOC. 4)
WITH INCORPORATED MEMORANDUM OF LAW**

**COMES NOW** Debtor and Plaintiff Progressive Plumbing, Inc. ("Debtor" or "Plaintiff"), by and through its undersigned counsel, and files this Response in Opposition to the Motion to Dismiss (Doc. 4) (the "Motion") filed by The Evergreen Corporation ("Evergreen"). In support, Plaintiff respectfully states as follows:

**Background**

Debtor filed this adversary proceeding to determine the interrelated liabilities of the three parties to this matter, namely the Debtor, Evergreen, and Allied World Specialty Insurance

24166918 v1

Company ("Allied").  In brief, Debtor was a subcontractor for Evergreen, and Allied was Debtor's surety.  Evergreen claims that Debtor defaulted on the Hyatt Atlanta project and has demanded payment from Debtor prior to this chapter 11.  Evergreen also has demanded payment from Allied, who has in turn demanded payment from Debtor on multiple occasions for these same amounts and has filed a proof of claim for the same.

These issues are hopelessly interconnected.  The Debtor claims that Evergreen mismanaged the project once the Debtor left the project.  The Debtor also claims that Allied contributed to that mismanagement by failing to properly supervise Evergreen.  Allied claims that Evergreen mismanaged the project after Debtor left the project, but also asserts that Debtor is the cause for some of the damages alleged by Evergreen. Evergreen claims that the Debtor mismanaged the project and that Allied contributed to that mismanagement.

To complicate matters, the liquidation and administration of these claims against the Debtor appear to be key to Debtor's reorganization.  The claim related to this project are the biggest and most disruptive unsecured claim in the bankruptcy, and establishing an amount due and a payment plan with Allied/Evergreen is fundamental to any potentially consensual plan.  When it filed this adversary proceeding, the Debtor expected Evergreen to file a proof of claim against the Debtor's estate.  So far, Evergreen has not.  Instead, Evergreen (after the filing of this adversary proceeding) has filed an action against only Allied in Georgia state court (the "GA Action") and that Evergreen may not be seeking payment from the Debtor.

Nevertheless, whatever amounts Evergreen seeks from Allied, Allied will seek from the Debtor.  Thus, the amount of the most important unresolved claim in the Debtor's bankruptcy is dependent in many ways on the result of the dispute between Evergreen and Allied.  If Allied prevails against Evergreen, Debtor may owe nothing.  On the other hand, if Evergreen prevails

against Allied, Allied will seek hundreds of thousands of dollars from the Debtor. This has a significant and direct impact on the administration of Debtor's estate.

Additionally, this is far from the typical guarantor situation. In this case, there is a surety, Allied, who voluntarily assumed responsibilities for the project from the Debtor and directly worked with Evergreen, becoming the "completing surety" on the project. The Debtor believes that both Evergreen and Allied are at fault for the alleged damages claimed in this case, and the Debtor believes that it makes the most sense for all parties for Debtor to be directly involved in a single action that includes all three parties to determine those interlocking liabilities. At this time, the only forum where all three parties are directly involved, where all the witnesses will be present, and where jurisdiction will lie over all parties is this adversary proceeding.

## Memorandum of Law

Bankruptcy courts have broad "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b). As stated by the Eleventh Circuit, the test of whether there is "related to" jurisdiction is "whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). In other words, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* In fact, "[t]he proceeding need not necessarily be against the debtor or against the debtor's property." *Id.*

"Bankruptcy courts have consistently held that actions against the guarantors of a corporate debtor's note are within the 'related to' jurisdiction of the bankruptcy court." *In re Goldcoast Partners, Inc.*, 97-10728, 1998 WL 34069487, at *2 (Bankr. S.D. Fla. 1998) (citing *In re American Hardwoods, Inc.,* 885 F.2d 621, 623 (9th Cir.1989); *In re Red Ash Coal & Coke*

3

*Corp.,* 83 B.R. 399, 402 (W.D.Va.1988); *In re Dak Manufacturing Corp.,* 73 B.R. 917, 921 (Bankr.D.N.J.1987); *In re Showcase Natural Casing Company, Inc.,* 54 B.R. 142, 144 (Bankr.S.D.Ohio 1985)).

In *Goldcoast Partners,* the Court dealt with a similar situation where an action against guarantors of a debtor had a direct effect on the debtor's bankruptcy, stating as follows:

> Moreover, the Guarantors filed claims against the Debtor's bankruptcy estate for indemnification. The determination of the Guarantors' liability to the Plaintiff would liquidate these claims. In addition, to the extent that the Guarantors made any payment on their liability to the Plaintiff, they would become subrogated in part to the Plaintiff's claim against the Debtor's estate. The fact that the Guarantors may become creditors of the Debtor's estate based upon the outcome of the guaranty action establishes a sufficient nexus to find "related to" jurisdiction.

*Goldcoast Partners,* 1998 WL 34069487, at *2. *See also In re Mission Bay Ski & Bike, Inc.,* 398 B.R. 250 (Bankr. N.D. Ill. 2008) (finding jurisdiction over action against guarantors because, should the creditors "recover on their claim against [the guarantor] for breach of the guaranty, it will affect the amount of property available to creditors from the [debtor's] estate").

The outcome of this adversary proceeding will have more than a conceivable effect on the Debtor's estate. It will be key to establishing a long term repayment plan, if any is even necessary, for Debtor's most troublesome debt. Therefore, there is, at a minimum, "related to" jurisdiction over this action.[1]

What Evergreen's Motion really raises is not a question of jurisdiction, but a question of abstention. Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2), and permissive abstention by subsection (c)(1). The Motion only seeks relief under § 1334(c)(2), which subsection states as follows:

---

[1] There may in fact also be "arising under" jurisdiction over this action, but since the matter is clearly "related to" there is no need to delve deeper into that analysis at this time.

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

By the statute's own terms, mandatory abstention does not apply if there exists additional grounds for jurisdiction before the federal courts. *See, e.g., In re Warren Producers, Inc.,* 360 B.R. 249, 252-253 (Bankr. W.D. Ky. 2007) (holding that mandatory abstention did not apply where there was an independent basis for federal jurisdiction based on diversity among the parties and an alleged amount in controversy in excess of the jurisdictional minimum); *In re Grubbs Const. Co.,* 305 B.R. 476, 481 (Bankr. W.D. Ark. 2003) (finding that mandatory abstention did not apply where there was diversity of citizenship between the plaintiff and the defendants and the amount in controversy was sufficient to confer federal jurisdiction).

As pled in the Complaint in this action, the three parties are all citizens of different states and the amount in controversy is above $75,000. Mandatory abstention is inapplicable. If Evergreen amends its Motion to seek permissive abstention, the Debtor believes that a weighing of the relevant factors will show that the increase in efficiency and economy gained from a single, three party action (instead of multiple two-party actions) overshadows any contravening factors, but the Debtor will leave the details of that argument to be made only if Evergreen amends its Motion to request permissive abstention.

WHEREFORE, Plaintiff respectfully requests that this Court deny the Motion, provide Evergreen with an appropriate time period in which file an answer or amended responsive motion, and grant such other relief as is just and proper.

Respectfully submitted this 7th of December, 2015.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com

Counsel for Debtor

and

/s/ Roman V. Hammes
Roman V. Hammes, Esq.
Florida Bar No. 087250
Roman V. Hammes, P.L.
250 East Colonial Drive, Suite 305
Orlando, FL 32801
(407) 650-0003
roman@romanvhammes.com

Counsel for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically or by United States Mail on the 7th day of December, 2015 to: Michael A Tessitore, Esq., Moran Kidd Lyons & Johnson, P.A., 111 N. Orange Ave., Suite 900, Orlando, FL, 32801, and Jonathan P. Cohen, Esq., Jonathan P. Cohen, P.A., 500 E. Broward Blvd., Suite 1710, Fort Lauderdale, FL, 33394.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.