UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.: 6:15-bk-07275-KSJ |
| PROGRESSIVE PLUMBING, INC., | |
| | |
| PROGRESSIVE SERVICES, LLC, and | Jointly Administered with |
| GRACIOUS LIVING DESIGN | Case No.: 6:15-bk-07276-KSJ |
| CENTER, INC. | Case No.: 6:15-bk-07277-KSJ |
| | |
|     Debtors. | |
| _____/ | |
| | |
| PROGRESSIVE PLUMBING, INC., | |
| | |
|     Plaintiff/Debtor, | |
| | |
| v. | |
| | |
| THE EVERGREEN CORPORATION, | Adv. Pro. No.6:15-ap-00145-KSJ |
| and ALLIED WORLD SPECIALTY | |
| INSURANCE COMPANY, | |
| | |
|     Defendants. | |
| _____/ | |

**DEFENDANT THE EVERGREEN CORPORATION'S REPLY TO
PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Defendant, The Evergreen Corporation ("Evergreen"), by and through its undersigned counsel, hereby files its reply to the response in opposition to Evergreen's motion to dismiss ("Response," Docket # 15) filed by Plaintiff and says:

1.  The Response fails to address the case law cited in the motion to dismiss demonstrating that there is no live controversy between the debtor and Evergreen because Evergreen is not seeking any relief against the estate. As indicated in the motion to dismiss, the absence of a live controversy renders a claim for declaratory relief unripe and insufficient as a matter of law. *See In re Pro Greens, Inc.* 305 B.R. 356, 359 (Bankr. M.D. Fla. 2003).

2.	The Response cites the Eleventh Circuit decision on *Lemco Gypsum* as the leading authority on the question of whether the Court has "related to" jurisdiction over Evergreen's state court lawsuit against the surety, Allied. However, the decision fully supports Evergreen's argument that the Court lack's jurisdiction. As the *Lemco Gypsum* court stated, "[o]verlap between the bankrupt's affairs and another dispute is insufficient [to create jurisdiction] *unless its resolution also affects the bankrupt's estate or the allocation of assets among creditors*." The mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of "related to" jurisdiction. *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 789 (11th Cir. 1990) (emphasis added).

3.	There is no allegation in the Complaint that the resolution of Evergreen's state court lawsuit against Allied will by itself affect the bankruptcy estate or the allocation of assets among creditors. Rather, the Complaint alleges only that a potential claim of Allied for indemnification might arise and affect the estate in the future. The assertion of this theoretical impact on the estate is simply insufficient to establish "related to" jurisdiction. *In re Farmland Industries, Inc.,* 291 B.R. 489 (Bankr. W.D. Mo. 2003) (holding that no "related to" jurisdiction existed over an adversary proceeding brought by the debtor's surety for declaratory judgment regarding the rights of other non-debtor parties under a performance bond issued by the surety).

4.	Furthermore, the Agreement of Indemnity issued in favor of Allied which is attached as Exhibit "B" to the Complaint makes abundantly clear that any potential impact on the estate that might result from Evergreen's state court lawsuit against Allied is purely theoretical. The agreement reveals that there are six (6) non-debtor indemnitors and substantial collateral that is not property of the estate that could be called on to satisfy any potential indemnity claim of

Allied - should such a claim ever arise. The estate will not be affected in any way if any future claim of Allied is satisfied by one of these non-debtor indemnitors or from the collateral that is not owned by the estate. The allegations in the Complaint that the estate will be affected by a potential indemnity claim of Allied are therefore nothing more that pure speculation.

5.      The Response raises the issue of permissive abstention pursuant to 28 U.S.C. § 1334(c)(1). Permissive abstention provides an additional and compelling basis for dismissal of the Complaint which Evergreen submits should be considered by the Court. *Golf Club at Bridgewater, L.L.C. v. Whitney Bank*, No. 8:09-BK-10430-CED, 2013 WL 1193182, at *5 (M.D. Fla. Mar. 22, 2013) (bankruptcy courts are encouraged to consider permissive abstention *sua sponte*); *In re Vernell*, No. 07-15396-BKC-AJC, 2008 WL 434718, at *1 (Bankr. S.D. Fla. Feb. 13, 2008) (abstention can be raised without a motion as long as the parties have an opportunity to be heard); *In re Fruit of the Loom, Inc.*, 407 B.R. 593, 598 (Bankr. D. Del. 2009).[1]

6.      Courts have identified twelve factors to be considered in deciding issues of permissive abstention: (1) the effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court

---

[1] To the extent necessary Evergreen requests that the Court grant it leave to amend its motion to dismiss to seek dismissal on the grounds of permissive abstention and deem the motion so amended.

involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties. *In re Sun Healthcare Grp., Inc.*, 267 B.R. 673, 678-79 (Bankr. D. Del. 2000)

7. Almost all of these factors point in favor of abstention. It is abundantly clear that the debtor and Allied are jointly forum shopping. Allied has in fact filed a "motion to stay" the Georgia action (Docket # 7) as the attempted *coup de grace* in their mutual effort to pull Evergreen's Georgia state court action into this court. The Georgia action involves exclusively non-debtor parties and exclusively issues of ordinary state law. By this effort, the debtor and Allied also seek to deprive Evergreen of its right to a jury trial on its state law claim against Allied. The state law proceeding is plainly not core. There is no basis for federal court jurisdiction other than asserted diversity jurisdiction which, if it exists, was manufactured through the filing of a one count complaint for declaratory relief which failed to assert any underlying substantive claim against Evergreen.

8. The administration of the estate will not be negatively affected if the Court abstains. Allied may pursue a claim against the estate if it chooses to do so, assuming *arguendo* that it someday has an indemnity claim that has not been satisfied by the non-debtor indemnitors. The debtor may object to the claim as being contingent or otherwise if it chooses to do so. The claims objection process can run its normal course as it does in most every Chapter 11 case. Evergreen's lawsuit in Georgia will not interfere with this process.

9. In sum, the instant proceeding represents a classic case where abstention is appropriate under the relevant factors. It is especially appropriate given that the effect of allowing this action to proceed in bankruptcy court would be to extend an invitation to all debtors to file actions for declaratory relief as a means of dragging state law claims by creditors

against non-debtor sureties and guarantors into bankruptcy court. Because such claims are routinely pursued while a principal debtor is in bankruptcy, such an invitation would convert the bankrupt court into the new, preferred forum for debtors to use to resolve state claims between non-debtors on surety bonds and guarantees, while usurping the traditional role of the state courts. Such forum shopping and usurpation of the role of state courts should not be encouraged. *See In re Brown*, No. 6:12-BK-01140-KSJ, 2013 WL 85131, at *1 (Bankr. M.D. Fla. Jan. 8, 2013) *aff'd sub nom. Brown v. JP Morgan Chase Bank, N.A.*, 526 B.R. 882 (M.D. Fla. 2013) *aff'd sub nom. In re Brown*, 572 F. App'x 849 (11th Cir. 2014) (state law issues are best left to state court and bankruptcy court should not usurp the state court foreclosure process and turn the bankruptcy court into the last chance forum for resolving state court mortgage disputes).

10.    For the foregoing reasons, the Complaint should be dismissed, or alternatively the Court should abstain from hearing this proceeding.

/s/ Michael A. Tessitore
MICHAEL A. TESSITORE
Florida Bar No. 948039
mtessitore@morankidd.com
Moran Kidd Lyons & Johnson, P.A.
111 N. Orange Ave., Suite 900
Orlando, Florida 32801
407-841-4141
407-841-4148 (fax)
Attorneys for The Evergreen Corporation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically or by United States Mail on the 14th day of December, 2015 to: Michael A Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Ste. 102, Orlando, FL 32801 Roman V. Hammes, Esq., Roman V. Hammes, P.L., 250 East Colonial Drive, Suite 305, Orlando, FL 32801 and Jonathan P. Cohen, Esq., Jonathan P. Cohen, P.A., 500 E. Broward Blvd., Suite 1710, Fort Lauderdale, FL 33394.

/s/ Michael A. Tessitore