UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.: 6:15-bk-07275-KSJ |
| PROGRESSIVE PLUMBING, INC., | |
| PROGRESSIVE SERVICES, LLC, and | Jointly Administered with |
| GRACIOUS LIVING DESIGN | Case No.: 6:15-bk-07276-KSJ |
| CENTER, INC. | Case No.: 6:15-bk-07277-KSJ |
|     Debtors. | |
| _____/ | |
| PROGRESSIVE PLUMBING, INC., | |
|     Plaintiff/Debtor, | |
| v. | |
| THE EVERGREEN CORPORATION, | Adv. Pro. No.6:15-ap-00145-KSJ |
| and ALLIED WORLD SPECIALTY | |
| INSURANCE COMPANY, | |
|     Defendants. | |
| _____/ | |

**DEFENDANT THE EVERGREEN CORPORATION'S**
**MOTION TO DISMISS CROSS CLAIM**

Defendant, The Evergreen Corporation ("Evergreen"), by and through its undersigned counsel, hereby moves the Court for entry of an order dismissing the cross claim (Docket # 11) filed by Defendant, Allied World Specialty Insurance Company ("Allied"), for lack of subject matter jurisdiction.  Alternatively, Evergreen requests that the Court abstain from hearing the cross claim.  In support of this Motion, Evergreen states as follows:

    1.    Allied brought the cross claim as part of the concerted effort of Debtor and Allied to pull into this bankruptcy case a pure state law claim against Allied as surety on a bond that simply does not belong here.  The cross claim seeks a declaration regarding the obligations of

Allied under the surety bond that Allied issued in favor of Evergreen in connection with the Debtor's work as subcontractor on a hotel project in Atlanta, Georgia. This is the exact same matter on which Debtor seeks declaratory relief in the complaint which initiated this adversary proceeding.

2.  As set forth in Evergreen's motion to dismiss the adversary complaint and its reply memorandum filed in connection with such motion (together "Motion to Dismiss") (Dockets # 4 and #16), the Court does not have subject matter jurisdiction over the dispute between non-debtors Evergreen and Allied on the surety bond. In addition, as also argued in the Motion to Dismiss, the Court should abstain from hearing this proceeding because the requirements for mandatory and permissive abstention have been met. The arguments regarding the Court's lack of jurisdiction and mandatory and permissive abstention set forth in the Motion to Dismiss are incorporated herein by reference as they are equally applicable to the cross claim.

3.  Accordingly, the Court should dismiss this entire adversary proceeding, including the cross claim, for lack of subject matter jurisdiction. Alternatively, the Court should abstain from hearing this entire adversary proceeding, including the cross claim.

WHEREFORE, The Evergreen Corporation requests that the Court enter an order granting this motion, dismissing this action and granting such further relief as the Court deems just and proper.

/s/ Michael A. Tessitore
MICHAEL A. TESSITORE
Florida Bar No. 948039
mtessitore@morankidd.com
Moran Kidd Lyons & Johnson, P.A.
111 N. Orange Ave., Suite 900
Orlando, Florida 32801
407-841-4141
407-841-4148 (fax)
Attorneys for The Evergreen Corporation

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically or by United States Mail on the 15th day of December, 2015 to: Michael A Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Ste. 102, Orlando, FL 32801, Roman V. Hammes, Esq., Roman V. Hammes, P.L., 250 East Colonial Drive, Suite 305, Orlando, FL 32801 and Jonathan P. Cohen, Esq., Jonathan P. Cohen, P.A., 500 E. Broward Blvd., Suite 1710, Fort Lauderdale, FL 33394.

                /s/ Michael A. Tessitore